UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:95cr36 |
| | ) | |
| MURRAY ALLAN WOODWORTH | ) | |
| | ) | |

OPINION AND ORDER

This matter is before the court on a "Post Judgement Motion Under 28 U.S.C. Rule 60(b)(4)", filed by the defendant Murray Allan Woodworth ("Woodworth") on May 24, 2005. The government responded to the motion on June 1, 2005, to which Woodworth replied on June 23, 2005.

Also before the court is a "Motion to Review Under 18 U.S.C. Sec. 3742", filed by Woodworth on June 23, 2005.  The government has declined to respond to this motion.

For the following reasons, both of Woodworth's motions will be denied.

Discussion

Woodworth was indicted on December 20, 1995, in a four count Indictment.  Count 1 charged him with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2.  This count involved a bank robbery on January 17, 1994, in Fort Wayne, Indiana at an NBD Bank branch.  Count 2 charged Woodworth with a violation of 18 U.S.C. § 924(c), possession of a firearm during a crime of violence.  This count was related to the bank robbery in Count 1. Count 3 charged Woodworth with a violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2, armed bank robbery.  This count involved a robbery at the North American Philips Federal Credit Union in Fort Wayne, Indiana on September 16, 1994.  Count 4 charged Woodworth with

a violation of 18 U.S.C. § 924(c), possession of a firearm during a crime of violence. This count was related to the conduct in Count 3.

On April 19, 1996, Woodworth had his initial appearance in the Northern District of Indiana, Fort Wayne Division and was ordered to be detained. An arraignment hearing was also held on that date. Woodworth pled not guilty to the offenses.

On June 11, 1996, a Plea Agreement was filed in this case. On that date, the defendant appeared before this court and pled guilty to Count 3 of the Indictment in accordance with the Plea Agreement. The government agreed to dismiss Counts 1, 2 and 4 at the time of sentencing. Woodworth understood that if the Court could not accept the dismissal of Counts 1, 2 and 4 of the indictment, then the defendant would be permitted to withdraw his plea of guilty and have a trial set before another judge. Woodworth also understood that the court had the authority to impose any sentence within the statutory maximum set for his offense. Woodworth expressly waived his right to appeal his sentence on any ground including any post-conviction proceeding. On July 11, 1996, Woodworth was sentenced to a term of imprisonment of 175 months. Woodworth was further ordered to serve 5 years on supervised release and to pay $733.96 in restitution.

On July 14, 1999, Woodworth filed a petition pursuant to 28 U.S.C. § 2255. On October 27, 1999, this court issued an Order denying Woodworth's petition. On or about November 29, 1999, Woodworth filed a motion requesting that this court reconsider its Order of October 27, 1999, or, in the alternative, issue a certificate of appealability. This filing was construed as a Notice of Appeal. On January 24, 2000, this court denied Woodworth's request for reconsideration and denied Woodworth's request for the issuance of a certificate of

appealability.  On July 21, 2000, the Seventh Circuit Court of Appeals denied Woodworth's request for a certificate of appealability.

On September 29, 2000, Woodworth filed a Motion to Dismiss Count 3 of the Indictment for insufficient evidence pursuant to Fed.  R.  Crim.  P.  7(c)(1) and 12(b)(2).  On October 26, 2000, this court dismissed Woodworth's motion for lack of jurisdiction.

On April 4, 2003, Woodworth filed a second section 2255 petition.  This petition was denied by this court on June 11, 2003.  Woodworth appealed and on January 15, 2004, the Seventh Circuit remanded for a jurisdictional dismissal of Woodworth's petition.  Thus, this court dismissed the petition for lack of jurisdiction on January 21, 2004.

On March 22, 2004, Woodworth filed a motion for void judgment under Rule 60(b)(4).  This court denied Woodworth's motion for lack of subject matter jurisdiction on March 26, 2004.  This denial was upheld on appeal.

On May 24, 2005, Woodworth filed his present motion attacking certain restitution aspects of his criminal conviction and judgment, and claiming that his sentence was imposed in violation of due process.

Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . .

Fed.R.Crim.P. 60.  Rule 60(b) relief is an extraordinary remedy granted only in exceptional circumstances.  <u>Rutledge v.  United States</u>, 230 F.3d 1041, 1052 (7th Cir.  2000).  The disposition of such a motion is committed to the sound discretion of the district court.  <u>Mares v.  Busby</u>, 34 F.3d 533, 535 (7th Cir.  1994).

3

In the present case, the government asserts that Woodworth fails to establish grounds for the extraordinary remedy.  Woodworth argues that this court did not have jurisdiction to issue a restitution order, claiming that the court did not set forth a statutory restitution provision.  Woodworth seems particularly upset that this court's order granted the Bureau of Prisons the authority to collect restitution.  Woodworth's arguments are meritless as he was sentenced pursuant to the Sentencing Guidelines which provide for restitution, and the Bureau of Prisons, as Woodworth's custodian, has authority to collect restitution.   Moreover, as the government notes, Woodworth's belated arguments are certainly not entitled to the extraordinary remedy provided for in Rule 60(b).  Accordingly, Woodworth's Rule 60(b) motion will be denied.

In his "Motion to Review", Woodworth claims that his sentence was imposed in violation of due process.  Woodworth complains that his sentence was enhanced by "judge found facts", and requests this court to vacate the enhancement.  Clearly, Woodworth is attempting to raise a Booker issue.  United States v. Booker, 125 S.Ct. 738 (2005).  However, the case law clearly establishes that Booker is not retroactive on collateral review. McReynolds v. United States, 397 F.3d 479, 2005 WL 237642 (7th Cir. Feb.2, 2005); see also Green v. United States, 397 F.3d 101, 2005 WL 237204, at *1 (2d Cir. Feb.2, 2005) (per curiam); In re Anderson, 396 F.3d 1336, 2005 WL 123923, at *3-4 (11th Cir. Jan.21, 2005). Indeed, the Seventh Circuit expressly stated in McReynolds: "[w]e conclude, then, that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005."  McReynolds, 397 F.3d at 481.  Accordingly, as Thomas' criminal case became final before January 12, 2005, Booker does not apply.  Accordingly, Woodworth's "Motion for Review" must be denied.

Conclusion

4

Based on the foregoing, Woodworth's "Post Judgment Motion" and "Motion for Review" are both hereby DENIED.

Entered: July 20, 2005.

                                                     s/ William C. Lee  
                                                     William C. Lee, Judge  
                                                   United States District Court